**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL TILLMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 10 C 4551** |
| **v.** | ) | |
| | ) | **Judge Rebecca R. Pallmeyer** |
| **JON BURGE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTION FOR A FINDING OF CONTEMPT AGAINST
DEFENDANT JON BURGE AND FOR SANCTIONS**

Plaintiff, by his attorneys, and pursuant to Fed. R. Civ. P. 37, moves that this Court: (1) enter a finding of contempt against Defendant Jon Burge for refusing to comply with this Court's order of March 4, 2011 (Dkt. No. 118); (2) order that Defendant Burge sit for a videotaped deposition at the Butner Correctional Complex on a date certain prior to March 31, 2011; and (3) order monetary sanctions against Defendant Burge, to be paid by the City of Chicago, in an amount sufficient to reimburse Plaintiff for his attorneys' fees and costs incurred in connection with litigating this issue.

**Procedural History**

Plaintiff filed the instant case on July 22, 2010. Motions to dismiss are fully briefed and pending decision. Defendant Burge was recently convicted of perjury and obstruction of justice, sentenced to four and one half years in federal prison, and ordered to report on March 16, 2011 to start serving his prison term. According to testimony at Burge's sentencing hearing, he has a number of serious health issues, the most pressing being prostate cancer which will require

surgery in April of this year, and his lawyer has described his incarceration as a "death sentence."

Out of concern that Defendant Burge's deposition would be severely complicated and unnecessarily delayed if it did not occur prior to him being incarcerated, Plaintiff filed, on February 24, 2011, a motion seeking to expedite the deposition. (Dkt. No. 115). On February 28, 2011, one of Defendant Burge's City financed lawyers, Sara McClain, informed Plaintiff's counsel that they objected to an expedited deposition. On March 1, 2011 this Court continued the motion to March 4, 2011 for ruling. (Dkt. No. 117). On March 4, 2011, this Court granted Plaintiff's motion and directed the parties to make arrangements for Burge's deposition to be taken prior to March 16, 2011. (Dkt. No. 118).

Following this Court's order, another of Defendant Burge's City financed counsel, Michael Kralovec, informed Plaintiff's counsel that the deposition would have to be conducted in Florida, where Burge resides, either by video conference or in person and that Richard Beuke, who is Burge's criminal defense lawyer in *U.S. v. Burge* as well as yet another of his City financed lawyers in this case, would be representing Burge in person at the deposition. Mr. Kralovec further stated that Burge could not be deposed during the week of March 7 because Mr. Beuke was involved in a criminal trial which would not be finished until March 11. Mr. Kralovec suggested that the deposition be conducted on March 14 or 15 and stated that Defendant Burge preferred March 14. Plaintiff's counsel agreed to conduct the deposition on March 14.

Relying on this agreement, Plaintiff's attorneys and their legal assistant spent a considerable amount of time securing a location in Florida for the deposition and making arrangements to have a court reporter and videographer present. (*See* 3/9/11 email from Crosstown Court Reporting attached hereto as Exhibit A and Time Sheet of Eraena Hart attached

2

as Exhibit C).

On the morning of Thursday, March 10, Mr. Kralovec sent an email stating that Monday, March 14 might no longer be feasible for the deposition because there was a "scheduling issue arising out of Jon Burge's medical problems," but that they "are attempting to get it worked out today and hopefully will know this afternoon." In the email, Mr. Kralovec asked Plaintiff's counsel whether the deposition could be conducted on Tuesday, March 15, if Burge could not be available on Monday. (*See* 3/10/11 email from Kralovec attached hereto as Exhibit B). Plaintiff's counsel called Mr. Kralovec and told him Tuesday would be acceptable if Burge could not do it on Monday.

A short while later, Mr. Kralovec phoned Plaintiff's counsel and stated that Burge "was not going to show up for the deposition" on either Monday or Tuesday because Burge had just found out that the prison he was being sent to was in North Carolina and it would take him two days to drive there. Mr. Elson suggested that the deposition be taken on Saturday or Sunday but Mr. Kralovec stated that those days would not work either because Mr. Beuke could not make travel arrangements in time. Ms. McClain later told Plaintiff's counsel that the prison in North Carolina at which Burge would be incarcerated was Butner Correctional Complex.

**Argument**

Rule 37(b)(2) addresses the effect of a party's failure to obey a court's order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2). In such a case, "the court in which the action is pending may make such orders in regard to the failure as are just." *Id.* Rule 37(b)(2) provides the Court with a range of sanctions when a party and/or his attorney refuses to comply with an order providing or permitting discovery. These include orders designating certain facts as established

3

(Fed. R. Civ. P. 37(b)(2)(A)(i)); orders prohibiting a party from supporting or opposing certain claims or defenses, including by prohibiting the introduction of evidence (Fed. R. Civ. P. 37(b)(2)(A)(ii)); orders striking pleadings, whether in part or in their entirety (Fed. R. Civ. P. 37(b)(2)(A)(iii)); the entry of a default judgment in the matter (Fed. R. Civ. P. 37(b)(2)(A)(vi)); and treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination (Fed. R. Civ. P. 37(b)(2)(A)(vii)).

Rule 37(d) addresses the failure of a party to attend his own deposition. In such a case, "the court in which the action is pending may, on motion, order sanctions if a party fails after being served with proper notice to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Rule 37(d)(3) states:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court **must** require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3) (emphasis added); *see, e.g., Russell v. Ill. Bell Tel. Co.*, 2009 U.S. Dist. LEXIS 37300, *7 (N.D. Ill. Apr. 30, 2009) (Kennelly, J.); *Shaukat v. Wireless 4 U, Inc.*, 2009 U.S. Dist. LEXIS 10664, *3-4 (N.D. Ill. Jan. 29, 2009) (St. Eve, J.); *Classic Amenities, Inc. v. Verbeke*, 2001 U.S. Dist. LEXIS 7465, *4-7 (N.D. Ill. 2001) (Grady, J.); *see also Hedrick v. County of Trinity*, 2010 U.S. Dist. LEXIS 124687, *2-4 (E.D. Cal. Nov. 19, 2010)

Burge's flaunting of this Court's order requires that he be held in direct contempt and fully supports the entry of monetary sanctions in the form of Plaintiff's attorneys' fees and costs for their time incurred drafting the motion for Burge's expedited deposition, attending the two status hearings in connection with the motion, making the logistical arrangements for Burge's

deposition, drafting the instant motion, and the additional future time and expense for setting up the Butner deposition. To date, this amount totals $7657.50. (*See* Time Sheets of Elson, Taylor, Bowman, and Hart, attached hereto as Exhibit C).[1] This monetary sanction should be paid by the City of Chicago, which has, despite a City Ordinance to the contrary, (*see* Exhibit D attached hereto), assumed responsibility for Burge's defense and is further responsible for paying any judgment obtained against Burge. *See Wilson v. City of Chicago*, 120 F.3d 681 (7th Cir. 1997).

The fact that Mr. Beuke is on trial this week and purportedly could not make travel arrangements for a weekend deposition does not "substantially justify" Mr. Burge's refusal to comply with this Court's order. Burge is represented by four lawyers in this case - - Mike Kralovec, Sara McClain, Richard Beuke and William Gamboney - - who are all being paid, despite the City Ordinance, an hourly rate by the City of Chicago. (*See* Engagement Letters attached hereto as Exhibit E). Surely, any one of Burge's three other lawyers are competent enough to defend his deposition, especially since Burge will be asserting the Fifth Amendment in response to all questions other than his name and address. (*See* Exhibit A). However, even if Burge insisted on having one of his criminal defense attorneys present, Mr. Gamboney, who also represented Burge in his criminal case, could have filled in for Mr. Beuke. Regardless of his present circumstances, Defendant Burge cannot pick and choose the orders of the federal court that he will obey or disobey.

Plaintiff further requests that this Court renew its previous order and direct Defendant Burge to sit for his videotaped deposition at the Butner Correctional Complex on a date certain

---

[1] If the Court so wishes, counsel will provide complete skills affidavits and related supporting materials, and will supplement with additional fees and costs.

prior to March 31, 2011. *See Russell v. Ill. Bell Tel. Co.*, 2009 U.S. Dist. LEXIS 37300, *7 (N.D. Ill. Apr. 30, 2009) (Kennelly, J.). Although Burge's lawyers have stated that they will make arrangements with Butner to schedule Burge's videotaped deposition in the near future, Plaintiff has no confidence that they will follow through on this promise or that Burge will comply. Moreover, arranging to have the deposition videotaped may be beyond defense counsel's control. Plaintiff's counsel has spoken with an administrator at Butner who said that such requests are handled on a case by case basis and that the prison administration would most likely allow video equipment to be brought into the prison if they were presented with an order from a federal judge.

WHEREFORE, Plaintiff respectfully moves that this Court: (1) enter a finding of contempt against Defendant Jon Burge for refusing to comply with this Court's order of March 4, 2011 (Dkt. No. 118); (2) order that Defendant Burge sit for a videotaped deposition at the Butner Correctional Complex on a date certain prior to March 31, 2011; and (3) order monetary sanctions against Defendant Burge to be paid by the City in an amount sufficient to reimburse Plaintiff for his attorneys' fees and costs incurred in connection with litigating this issue.

Dated: March 11, 2011                                     Respectfully submitted,

                                                          **MICHAEL TILLMAN**

                                                          By: /s/ G. Flint Taylor
                                                               One of His Attorneys

G. Flint Taylor
Ben H. Elson
Joey L. Mogul
Sarah Gelsomino
People's Law Office

6

1180 N. Milwaukee Avenue
Chicago, Illinois 60642
(773) 235-0070

Locke E. Bowman
Alexa Van Brunt
MacArthur Justice Center
Northwestern University School of Law
375 East Chicago Avenue
Chicago, Illinois 60611
(312) 503-0844