IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL TILLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Pallmeyer |
| v. | ) | |
| | ) | |
| JON BURGE, et al., | ) | NO. 10 C 4551 |
| | ) | |
| Defendants. | ) | |

## CITY DEFENDANTS' COMBINED RESPONSE TO PLAINTIFF'S CITED SUPPLEMENTAL AUTHORITY

Defendants City of Chicago, Richard M. Daley, Terry Hillard, Thomas Needham, John Burge, John Bryne, Peter Dignan, Ronald Boffo, Jack Hines, Estate of John Yucaitis, and George Patton, by their attorneys hereby submits this response to Plaintiff's cited supplemental authority:

Plaintiff recently sought and received permission to cite *Wilson v. O'Brien,* No. 07 C 3994 (N.D. Ill. Feb. 25, 2011) (Kocoras, J.), in support of his opposition to Defendants' Motion to Dismiss on the ground that, Plaintiff represented, the holding from *Wilson* "bears directly on Plaintiff's Fifth Amendment claim." (*See* Pl.'s Mot. for Leave at 1, Dkt. No. 119.)

As an initial matter, Judge Kocoras's opinion in *Wilson* does not change the Defendants' position that *Heck* does not toll Plaintiff's Fifth Amendment self-incrimination claim. Although the Supreme Court in *Wallace v. Kato*, 549 U.S. 384 (2007), limited its grant of certiorari to the Fourth Amendment false arrest claim, the Court's reasoning can be read to reach more broadly. Indeed, the Seventh Circuit subsequently interpreted *Wallace* as follows:

> *Wallace* holds that a claim that accrues before a criminal conviction may and usually must be filed without regard to the conviction's validity . . . . The prospect that charges will be filed, and a conviction ensue, does not postpone the

>claim's accrual.  *Wallace* added that a conviction does not un-accrue the claim,
>even if the arguments advanced to show a [constitutional violation] also imply the
>invalidity of the conviction.

*Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010).  In this case, Plaintiff's alleged *coerced confession was used against him during his criminal trial in December of 1986.*  By its very nature, use of the confession at trial occurred prior to Plaintiff's criminal conviction and so, under the reasoning of *Wallace* and *Evans*, Plaintiff's Fifth Amendment self-incrimination claim accrued in 1986.  The fact that Plaintiff's conviction ensued did not "un-accrue" the claim even though Plaintiff now claims that use of the confession resulted in his conviction.

Although Plaintiff alleges that the use of his confession was the cause of his conviction, it does not change the nature of Plaintiff's claim—a Fifth Amendment self-incrimination claim. As explained in Defendant's briefing in support of their motion to dismiss, it is established in the Seventh Circuit that the use of an unlawfully obtained confession against a criminal defendant immediately gives rise to a cause of action under section 1983.  *See Sornberger v. City of Knoxville*, 434 F.3d 1006, 1023-27 (7th Cir. 2006) (applying *Chavez v. Martinez*, 538 U.S. 760 (2003)).  That is, use of the confession in a criminal proceeding is an isolated event that triggers the Fifth Amendment violation and, as such, is consistent with the principle of immediate accrual announced in *Wallace* (and *Evans*) insofar as the self-incrimination claim maintains its viability regardless of whether the criminal proceeding results in a conviction.  *See Sornberger*, 434 F.3d at 1026 (finding viable Fifth Amendment self-incrimination claim even though charges dropped against criminal defendant).  Any argument concerning the result of the use of the confession, *i.e.*, use of the confession subsequently resulted in conviction and imprisonment, goes to the issue of damages not to the issue of when the claim accrues.  *See Wallace*, 549 U.S. at 391 (explaining that cause of action accrues even though full extent of injury is not then known or

predictable.) To interpret the Fifth Amendment self-incrimination claim in any other manner would be to conflate the claim with a state law malicious prosecution claim, which is exactly what Judge Kocoras did in *Wilson*. *See Wilson*, No. 07 3994 (N.D. Ill. Feb. 25, 2011), at 15. The Seventh Circuit has been very clear that there is no federal malicious prosecution (*Newsome v. McCabe*, 256 F.3d 747, 750-51(7th Cir. 2001)) and it is improper to try and backdoor one in through other claims into some sort of hybrid due process claims (*McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003)).

Similarly, use of an unlawfully obtained confession against a criminal defendant does not "necessarily imply the invalidity of his conviction or sentence," as required under *Heck* to delay accrual of a claim under section 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Supreme Court held in *Arizona v. Fulminante,* 499 U.S. 279 (1991), that admission of a coerced confession at trial is subject to harmless error analysis. *Id.* at 285. Introduction of a coerced confession against a criminal defendant, therefore, can be analogized to introduction of evidence seized in violation of the Fourth Amendment. *Id.* at 310 (Rehnquist, C.J., dissenting). *Heck* therefore does not bar accrual of Plaintiff's self-incrimination claim. *See Evans*, 603 F.3d at 364 (explaining that introduction of illegally seized evidence at criminal trial resulting in conviction did not "blot[] out" section 1983 challenge to legality of seizure).

Judge Kocoras's opinion in *Wilson*, cited by Plaintiff, does not change that Plaintiff's Fifth Amendment claim is not tolled by *Heck*. Based on City Defendants' argument in their motions to dismiss and in this response, Plaintiff's Fifth Amendment claim should be dismissed.

Date: March 21, 2011                                             Respectfully Submitted,

| | |
|---|---|
| s/Sara R. McClain<br>One of the attorneys for Defendant Jon Burge<br><br>Michael Joseph Kralovec<br>Sara R. McClain<br>Kralovec Meenan LLP<br>53 West Jackson Boulevard, Suite 1102<br>Chicago, IL 60604 | s/ Helena B. Wright<br>One of the attorneys for John Bryne, Peter Dignan, Ronald Boffo, Jack Hines, Estate of John Yucaitis, and George Patton<br><br>Andrew M. Hale<br>Avi T. Kamionski<br>Helena B. Wright<br>Andrew M. Hale & Associates<br>53 West Jackson, Suite 1800<br>Chicago, Illinois 60604<br>312-870-6928 |
| | s/ Paul A Michalik<br>One of the attorneys for the City of Chicago, Richard M. Daley, Terry Hillard, Thomas Needham<br><br>Terrence M. Burns<br>Paul A. Michalik<br>Daniel M. Noland<br>DYKEMA GOSSETT<br>10 South Wacker, Suite 2300<br>Chicago, Illinois 60606<br>(312)876-1700 |