UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL TILLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10 C 4551 |
| ) | |
| JON BURGE, former Chicago Police ) | Judge Rebecca R. Pallmeyer |
| Department Commander; RICHARD M. DALEY, ) | |
| former Mayor and former State's Attorney; ) | |
| JOHN BYRNE, former CPD Sergeant; ) | |
| PETER DIGNAN, former CPD detective; ) | |
| RONALD BOFFO, former CPD detective; ) | |
| JACK HINES, former CPD detective; ) | |
| GEORGE PATTON, former CPD detective; ) | |
| Estate of JOHN YUCAITIS, former CPD detective; ) | |
| TIMOTHY FRENZER, former Cook County ASA; ) | |
| LeROY MARTIN, former CPD Superintendent; ) | |
| TERRY HILLARD, former CPD Superintendent; ) | |
| GAYLE SHINES, former OPS Director; ) | |
| THOMAS NEEDHAM, former aide to ) | |
| the CPD Superintendent; CITY OF CHICAGO; ) | |
| COOK COUNTY, ILLINOIS; and ) | |
| COOK COUNTY STATE'S ATTORNEY'S OFFICE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Tillman served nearly 24 years in prison for a rape and murder before his conviction was vacated and the charges dismissed. He has brought a host of claims against police officers, supervisors, and prosecutors involved in his arrest and conviction. In its July 20, 2011 Memorandum Opinion, the court ruled on Defendants' motions to dismiss, dismissing certain claims and allowing others to proceed. *Tillman v. Burge*, ___ F. Supp. 2d ___, No. 10 C 4551, 2011 WL 2975671 (N.D. Ill. July 20, 2011). With respect to Plaintiff's claim of emotional distress ("IIED") in Count IX, the court invited Defendants Terry Hillard, Thomas Needham, Gayle Shines and Leroy Martin ("Municipal Defendants") and Defendant Richard M. Daley to seek dismissal of that claim. *Id.* at *28. Daley and the Municipal Defendants have now filed a supplemental motion to dismiss

the IIED claims against them and, for the reasons explained here, the motion is granted.

## DISCUSSION

This opinion assumes familiarity with the court's earlier ruling. The court here focuses specifically on the allegations of Count IX and, for purposes of this motion, construes those allegations "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [plaintiff's] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Although the plaintiff need not plead particularized facts, the factual allegations in the complaint must be sufficient to raise his right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And a plaintiff can "plead himself out of court" by pleading facts that show that he has no legal claim. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

Under Illinois law, Plaintiff must satisfy three elements to state a claim for IIED:

> First, the conduct involved must be truly extreme and outrageous. Second, the actor must either *intend* that his conduct inflict severe emotional distress, or know that there is a high probability that his conduct will cause severe emotional distress. Third, the conduct must in fact cause *severe* emotional distress.

*Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 269, 798 N.E.2d 75, 80 (2003) (quoting *McGrath v. Fahey*, 126 Ill. 2d 78, 86, 533 N.E.2d 806, 809 (1988)); *see also Breneisen v. Motorola, Inc.*, 512 F.3d 972, 983 (7th Cir. 2008). Under the second element, the Supreme Court of Illinois has held that reckless conduct is sufficient when the "actor knows severe emotional distress is certain or substantially certain to result." *Pub. Fin. Corp. v. Davis*, 66 Ill.2d 85, 90, 360 N.E.2d 765, 767 (1976); *see also Cobige v. City of Chicago*, No. 06 C 3807, 2009 WL 2413798, at *14 (N.D. Ill. Aug. 6, 2009).

Regardless of whether Plaintiff can satisfy the first element, the court concludes that he has not pleaded facts sufficient to satisfy the second element. Tillman has alleged that the Defendant Officers and former Cook County State's Attorney Timothy Frenzer participated in his interrogation. He has not alleged that the Municipal Defendants or Daley knew of the alleged torture, however;

nor, for that matter, has Tillman alleged that the Municipal Defendants were aware of him at all. Although Plaintiff alleges that Daley and the Municipal Defendants suppressed exculpatory evidence, he has not asserted that the evidence they suppressed concerned Tillman specifically; rather, Plaintiff claims that Daley and the Municipal Defendants suppressed evidence of the torture of others that would have been exculpatory in his case.

In the court's view, Defendants' suppression of exculpatory information regarding the mistreatment of others is not sufficient to demonstrate that Defendants intended to cause Tillman severe emotional distress, or deliberately disregarded the high probability of causing Tillman such distress. According to Plaintiff, Defendants' "actions were such that, by their very nature, they were likely to cause severe emotional anguish in those who were the inevitable victims of the torture cover-up—the African American men who were wrongfully convicted based on their coerced and tortured confession." (Pl.'s Resp. to the Municipal Defs.' and Def. Daley's Supp. Mot. to Dismiss Cnt. IX of Pl.'s Compl. at 6.) But absent an allegation that these Defendants had particular knowledge about Plaintiff's mistreatment, the complaint states a claim of, at most negligence as to any particular African American male interrogated at Area 2.[1] As such, this court cannot reasonably infer from the facts presented by Plaintiff that the Municipal Defendants or Defendant Daley acted intentionally or recklessly towards him.

---

[1] The court acknowledges that there may be a tension between the reasoning underlying the decision to dismiss the IIED claim and its previous decision denying dismissal of the malicious prosecution claim against the Municipal Defendants (Count VIII). A claim of malicious prosecution requires Plaintiff to make a showing of malice on the part of Defendants. *See Ross v. Mauro Chevrolet*, 369 Ill. App. 3d 794, 801, 861 N.E.2d 313, 319 (1st Dist. 2006). The malice standard is not precisely the same as culpability required for IIED. *See Turner v. City of Chicago*, 91 Ill. App. 3d 931, 937, 415 N.E.2d 481, 487 (1st Dist. 1980) (defining malice element as possession of an improper motive to prosecute). In any event, Municipal Defendants' Motion to Dismiss failed to address the substance of Plaintiff's malicious prosecution claim; the Municipal Defendants instead argued only that, had the court dismissed Plaintiff's federal law claim, the remaining state law claims would have been beyond the court's jurisdiction. (Municipal Official Defs.' Mot. to Dismiss Pl.'s Compl. ¶ 29.) The Municipal Defendants are free, or course, to challenge the sufficiency of Plaintiff's malicious prosecution claims on summary judgment.

The motion to dismiss [163] is granted. Count IX is dismissed as against Defendants Martin, Shines, Hillard, Daley, and Needham.

ENTER:

Dated: October 12, 2011

_____
REBECCA R. PALLMEYER
United States District Judge